# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **MICHAEL SHANE WELLS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16CV00041 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BERK ARTRIP, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Michael A. Bragg, Bragg Law, Abingdon, Virginia, for Plaintiff; Jessica Berdichevsky, Assistant Attorney General, Richmond, Virginia, for Defendants.*

In this case brought pursuant to 42 U.S.C. § 1983, the plaintiff alleges that the defendants violated his rights under the Eighth and Fourteenth Amendments by holding him against his will at a Virginia detention center after the expiration of his term of incarceration. The defendants have moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Because I find that subject-matter jurisdiction exists and the Complaint states a viable claim, I will deny the Motion to Dismiss.

I.

The Complaint alleges the following facts, which I must accept as true for the purpose of deciding the pending motion.

On December 13, 2013, a Virginia circuit court judge found the plaintiff, Michael Shane Wells, guilty of violating the conditions of his probation. The court sentenced Wells "to confinement with the Virginia Department of Corrections for a term of six years and six months with five years and six months suspended." Order, Dec. 16, 2013, Case Nos. F02-450 & F03-40 (Wise Cty. Cir. Ct.).[1] The court further ordered that Wells "shall continue on probation as previously ordered" and that "[a]s a condition of probation the defendant shall complete the Detention Center and Diversion Center Programs." *Id.*

Wells served his sentence of incarceration at the Southwest Virginia Regional Jail in Duffield, Virginia, and was advised that he would be released on August 15, 2014. While incarcerated, Wells learned that the Virginia Attorney General had issued an opinion several years earlier finding that a Virginia court cannot impose both an active sentence of incarceration and an alternative sentence of detention or diversion. In a letter dated April 12, 2014, Wells notified the Virginia Department of Corrections ("DOC") of the Attorney General's opinion

---

[1]     While the parties have not provided the court with a copy of the state court judgment, it is partially quoted by the plaintiff in the Complaint and the court has obtained a copy, of which it can take judicial notice. *See Harris v. Wells Fargo Bank N.A.,* No. 3:16-cv-174-JAG, 2017 WL 838687, at *2 (E.D. Va. Mar. 3, 2017) (holding that in determining motion to dismiss, court may take judicial notice of state court records if integral to the complaint and indisputably authentic). A copy of the state court order is attached to this opinion.

and stated that he should not be required to participate in the detention or diversion programs.

In August, 2014, Wells was transferred to the Southwest Virginia Regional Jail in Abingdon, Virginia ("Abingdon jail"). He received paperwork showing an updated release date of August 18, 2014, and was advised that the date had been adjusted to provide for his transfer to the Appalachian Detention Center ("ADC"), a facility operated by DOC, to begin the Detention Center Incarceration Program ("DCIP"). Wells was given a document stating that he voluntarily agreed to be transferred to ADC and was asked to sign the document, but he refused to sign it.

On August 18, 2014, an ADC officer forcibly removed Wells from the Abingdon jail and transported him to ADC. When he arrived at ADC, Wells met with defendant John Honaker, a corrections officer who played the role of a drill sergeant in the DCIP. Wells told Honaker that he did not agree to being held at ADC and that there was no legal basis for him to be held there. Honaker told Wells that Wells was in ADC's custody and he could not leave. Honaker also advised Wells to cooperate to make things better for himself. While he was held at ADC, Wells repeatedly complained to Honaker that he was being held there illegally, and Honaker repeatedly responded that Wells was in the custody of ADC.

ADC was operated in the style of a boot camp. ADC was surrounded by a fence, and Wells could not leave the premises at will. ADC imposed severe

physical activities on program participants. Honaker imposed extra physical activity, marching, and drills on Wells to punish him for complaining that he was being held there illegally.

Defendant Berk Artrip was the Superintendant of ADC. Wells alleges that as Superintendant, Artrip was responsible for ensuring that all ADC residents were participating in the program freely and voluntarily.

On October 25, 2014, Wells was transferred to the Wise County Circuit Court for a hearing. The next day, he was released from custody.

Wells contends that the actions of Honaker and Artrip deprived him of liberty without due process and subjected him to cruel and unusual punishment. The defendants have moved to dismiss the Complaint based on lack of subject-matter jurisdiction and failure to state a claim. The motion has been fully briefed and is ripe for decision.[2] For the reasons that follow, I will deny the Motion to Dismiss.

II.

The defendants first move for dismissal on the ground that that this court lacks subject matter jurisdiction. Pursuant to Rule 12(b)(1), a defendant may challenge federal subject matter jurisdiction in two ways. *See Kerns v. United*

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*States*, 585 F.3d 187, 192 (4th Cir. 2009). First, a defendant may attack the face of the complaint and contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In evaluating a facial challenge to subject-matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* Second, a defendant may attack subject-matter jurisdiction as a matter of fact and argue "that the jurisdictional allegations of the complaint [are] not true." *Id.* Under those circumstances, a plaintiff receives less procedural protection, and "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In this case, the defendants assert a facial challenge based on the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.,* 263 U.S. 413 (1923). Under this doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005-06 (1994). In this context, "[t]he controlling

question . . . is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). This doctrine ensures that state court decisions are first reviewed within the state appellate courts and then by the United States Supreme Court. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

As articulated by the Supreme Court, the *Rooker-Feldman* doctrine applies to a relatively narrow set of circumstances. The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The defendants contend that Wells is seeking review of the Wise County Circuit Court's sentencing order, which is barred by the *Rooker-Feldman* doctrine. Wells asserts that he is not asking this court to review the sentencing order. Rather, he says he aims to hold the defendants liable for detaining him at ADC against his will after he had served his sentence of incarceration. Wells argues that the circuit court did not sentence him to the DCIP but merely made completion of the program a condition of his probation. As explained below, Wells argues that

the applicable Virginia law prevented the defendants from holding anyone at ADC without their consent.

I agree with Wells. The validity or propriety of the circuit court's sentencing order is not at issue in this case. Wells's claim turns on whether the defendants violated his constitutional rights by holding him involuntarily without legal authority. His claim is not barred by the *Rooker-Feldman* doctrine, and I will deny the Motion to Dismiss as to its claim of lack of subject-matter jurisdiction.

III.

The defendants next move for dismissal of the Complaint for failure to state a viable claim. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of actions that fail to state a claim upon which relief can be granted. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

In deciding whether a complaint will survive a Rule 12(b)(6) motion to dismiss, the court considers the complaint and any documents attached or incorporated by reference into the complaint. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). In ruling, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

The defendants argue that the Complaint fails to state a viable claim because Honaker and Artrip were simply following the state court's order and orders given to them by DOC. They contend that the facts alleged do not amount to any violation of Wells's constitutional rights.

The defendants also assert that Wells's claim is barred by qualified immunity. A § 1983 claim requires proof of the following three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). While state officials sued in their official capacities are not "persons" under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), state officials sued in their individual capacities are "persons" within the meaning of the statute and are not absolutely immune from suit, *Hafer v. Melo*, 502

U.S. 21, 31 (1991).  A government official sued in his individual capacity under § 1983 may, however, be entitled to qualified immunity.  *Id.* at 25 ("[O]fficials sued in their personal capacities . . . may assert personal immunity defenses such as objectively reasonable reliance on existing law.")

Qualified immunity "shields government officials from liability for civil damages, provided that their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person."  *Meyers v. Balt. Cty.,* 713 F.3d 723, 731 (4th Cir. 2013).  Qualified immunity is immunity from suit rather than merely immunity from liability; therefore, the question of qualified immunity should be decided before trial.  *Id.*  A defendant asserting qualified immunity has the burden of proving the defense.  *Id.*

A court deciding the applicability of qualified immunity must determine "whether a constitutional violation occurred" and "whether the right violated was clearly established."  *Tobey v. Jones*, 706 F.3d 379, 385 (4th Cir. 2013).  A right can be clearly established even if there does "not exist a case on all fours with the facts at hand," as long as pre-existing law makes the right apparent.  *Hunter v. Town of Mocksville,* 789 F.3d 389, 401 (4th Cir. 2015).  Where a plaintiff "(1) allege[s] a violation of a right (2) that is clearly established at the time of the violation," a motion to dismiss on qualified immunity grounds must be denied. *Evans v. Chalmers,* 703 F.3d 636, 646 (4th Cir. 2012).

Virginia's DCIP provides "a highly structured, short-term period of incarceration for individuals committed to the [DOC] under the provisions of [Va. Code Ann.] § 19.2-316.2." Va. Code Ann. § 53.1-67.8.[3] A defendant "who otherwise would have been sentenced to incarceration for a nonviolent felony" or "who has been previously incarcerated for a nonviolent felony" may be eligible for the DCIP if he meets certain criteria. Va. Code Ann. § 19.2-316.2. The statute makes clear that "[a] sentence to the [DCIP] shall not be imposed as an addition to an active sentence to a state correctional facility." *Id.*

The statute provides that when a court decides to sentence a defendant to the DCIP "following a finding that the defendant has violated the terms and conditions of his probation previously ordered, [the court] shall place the defendant on probation pursuant to this section." *Id.* "Such probation shall be conditioned upon the defendant's entry into and successful completion of the [DCIP]." *Id.* Importantly, the statute states that "[u]pon the defendant's . . . voluntary

_____

[3]  The DOC describes the DCIP as

> [a] 5-7 month residential program emphasizing military drill, military discipline, strict hygiene, and limited privileges. Detainees perform physical labor in organized public works projects/community service projects and at some prison complexes. Detainees participate in random urinalysis, medical and psychological counseling, Breaking Barriers, transitional services, substance abuse treatment, Life Skills, GED/ABE classes and are evaluated for therapeutic treatment groups.

Va. Dep't of Corr., *Detention Centers, Program Overview*, https://vadoc.virginia.gov/community/programs/detention.shtm (last visited on May 1, 2017).

withdrawal from the program . . . the court shall cause the defendant to show cause why his probation and suspension of sentence should not be revoked." *Id.*

Detaining a prisoner in excess of the time required by his sentence violates the prisoner's procedural due process rights. *See Kondrosky v. Pierce*, No. 95-6695, 1996 WL 228803, at \*2 (4th Cir. Apr. 29, 1996) (unpublished) (citing *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). Incarceration after the termination of a prisoner's sentence may also violate the Eighth Amendment. *Golson v. Dep't of Corr.*, Nos. 90-7344, 90-7345, 1990 WL 141470, at \*1 (4th Cir. Oct. 2, 1990) (unpublished); *see also Haywood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). In *Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008), a former inmate asserted a § 1983 claim based on "unconstitutional imprisonment because Virginia improperly extended the length of his prison sentence." The Fourth Circuit reversed the district court's dismissal of his complaint and found that the claim was viable. *Id.*

I find that Wells has plausibly alleged that the defendants violated his constitutional right not to be held involuntarily and without legal authority beyond his term of incarceration. I further find that this right was clearly established. Wells alleges that the defendants would not allow him to leave ADC despite the applicable statute's voluntary withdrawal provision. By the time he was transported to ADC, his sentence of incarceration had expired. The Wise County

Circuit Court's sentencing order merely stated that completion of the DCIP was a condition of his probation. According to the statutory procedure, upon voluntarily withdrawing from the program, Wells should have been brought before the circuit court and ordered to show cause why his probation should not have been revoked. Though evidence adduced in discovery may ultimately contradict the Complaint's alleged version of events or provide additional details tending to show that the defendants did not violate a clearly established right, at this early stage of the proceedings, the facts alleged in the Complaint are sufficient to overcome the defendants' claim of qualified immunity.

Because I find that the Complaint states a cognizable § 1983 claim and that the defendants are not entitled to qualified immunity at this stage, I will deny the Motion to Dismiss.

IV.

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 13, is DENIED.

ENTER: May 3, 2017

/s/ James P. Jones
United States District Judge

VIRGINIA:

## IN THE CIRCUIT COURT OF WISE COUNTY AND CITY OF NORTON

Federal Information
Standards Code: 195

Hearing Date: November 14, 2013
Judge: Chadwick S. Dotson
Attorney for the Commonwealth: Jennifer Brickey
Attorney for the Defendant: Richard D. Kennedy
COMMONWEALTH OF VIRGINIA

V                    CASE NUMBERS: F02-450 and F03-40
                              (-243)          -04,5 + 6,7
MICHAEL SHANE WELLS

On the 14th day of November 2013 came the defendant, who was heretofore convicted of three (3) counts of Grand Larceny and one (1) count of conspiracy and was sentenced to confinement with the Virginia Department of Corrections for a term of eight years with six years and six months suspended on each charge to run concurrent.

The defendant was placed on supervised probation for a period of one year upon his release.

On June 2, 2008 the defendant's Probation Officer filed a letter with the court charging the defendant with violating conditions of his probation. The Court issued a capias for the defendant's arrest on the charge of violating conditions of probation.

On November 14, 2013, the defendant, after consulting with and being advised by his attorney, pleaded guilty to violating conditions of his probation, as charged by the Probation Officer.

The Court accepts the defendant's plea and finds him guilty of violating conditions of probation.

The court heard evidence presented on behalf of the defendant.

Before pronouncing sentence, the court inquired if the defendant desired to make a statement and if the defendant desired to advance any reason why judgment should not be pronounced.

The Court sentences the defendant to confinement with the Virginia Department of Corrections for a term of six years and six months with five years and six months suspended.

The defendant shall continue on probation as previously ordered.

As a condition of probation the defendant shall complete the Detention Center and Diversion Center Programs.

If all court ordered financial obligations are satisfied in full the defendant will be released from supervised probation upon completion of the Detention and Diversion Center Programs.

Credit for time served: The defendant shall be given credit for time spent in confinement while awaiting trial pursuant to Code Section 53.1-187.

The Defendant shall immediately make payment arrangements with the Circuit Court Clerk's Office to pay costs. Failure to pay all costs may result in the Court imposing any suspended sentence. Any deferred suspended sentence is conditioned upon payment of all costs.

Enter this Order the *16th* day of *December* 2013.

Chadwick S. Dotson, Judge

DEFENDANT IDENTIFICATION:
SSN: 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
D.O.B.: 05/05/1980
SENTENCING SUMMARY:
VCC: PRB-4850-F9
TOTAL SENTENCE IMPOSED: Six Years and Six Months
TOTAL SENTENCES SUSPENDED: Five Years and Six Months

Count F03-40 (05) - dismissed

12.17.13